UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION



**FILED**
MAR 21 2016

*****************************************************************************

| | | |
|---|---|---|
| ERIN JESSICA EILER, | * | 14-4192 |
| Plaintiff, | * | |
| vs. | * | MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS |
| AVERA MCKENNAN HOSPITAL and/or TREATING MEDICAL PERSONNEL, | * | |
| Defendants. | * | |

*****************************************************************************

On June 18, 2012, plaintiff Erin Jessica Eiler (Eiler) filed a lawsuit in South Dakota state court against the same parties who are the defendants in this lawsuit. After a hearing, the state court granted summary judgment in favor of Defendants, dismissing Eiler's lawsuit on the merits and with prejudice on October 19, 2013.

In her Complaint in this current lawsuit, Eiler claims Defendants refused to correct errors in her medical records after Eiler complained more than twice. Specifically, Eiler avers that Defendants stated in her medical records that she has given birth by c-section when, in fact, Eiler has never carried a child to live birth. According to Eiler, the record with the erroneous information was sent to various places such as the Social Security Administration. (Doc. 16-1.) Eiler also claims in her Complaint that she "received treatment at inadequate means, which did not account for her inability to conceive and give birth." Just as in her state court action, Eiler wants the errors in her medical records corrected and to be compensated for the losses and damages resulting from what she has labeled in this lawsuit as libel, slander and medical malpractice. Eiler requests injunctive relief, lost wages, front pay, compensatory damages, punitive damages, prejudgment interest, attorney fees, and expert witness fees.

Defendants have moved to dismiss Eiler's complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), and alternatively for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). (Docs. 14 and 15.) Eiler responded to the motion, doc. 18, and Defendants replied, doc. 21. For the following reasons, the motion will be granted.

## JUDICIAL NOTICE

Pursuant to Rule 201 of the Federal Rules of Evidence, this Court has taken judicial notice of the pleadings provided by Defendants from Eiler's state court action. *See Knutson v. City of Fargo*, 600 F.3d 992, 1000 (8th Cir. 2010) (federal district courts can take judicial notice of state court files when they are relevant to issues in federal court). The Court also takes judicial notice of another federal case instituted by Eiler with this Court, *Erin Eiler v. Avera McKennan Hospital and Treating Medical Personnel*, CIV. 14-4172, and her direct appeal of the Court's decision in that case to the Eighth Circuit, No. 15-1579. *See Hood v. United States*, 152 F.2d 431, 435 (8th Cir. 1946) (federal district court may take judicial notice of proceedings from another federal District Court).

## LEGAL STANDARD

Rule 12 of the Federal Rules of Civil Procedure provides that a party may move to dismiss a complaint on various grounds, including lack of subject matter jurisdiction and failure to state a claim upon which can be granted. *See* Fed.R.Civ.P. 12(b)(1) and (6).

When a defendant files a Rule 12(b)(1) motion to dismiss for "lack of subject-matter jurisdiction", the court's power to hear the case may be resolved either on the face of the pleadings or upon factual determinations made in consideration of matters outside of the pleadings. *See Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993); *Osborn v. United States*, 918 F.2d 724, 729 & n. 6 (8th Cir. 1990). In a facial challenge, "all of the factual allegations concerning jurisdiction are presumed to be true and the motion is successful if the plaintiff fails to allege an element necessary for subject matter jurisdiction." *Titus*, 4 F.3d at 593(internal citation omitted); *see also Osborn*, 918 F.2d at 729 n. 6. On the other hand, when the parties rely on materials outside of the pleadings in asserting or

2

opposing the motion, thereby turning the challenge into a factual one, the court is entitled to resolve factual issues to determine its jurisdiction. *McClain v. American Economy Ins. Co.*, 424 F.3d 728, 734 (8th Cir. 2005) (*citing Osborn*, 918 F.2d at 728 & n. 4).

In ruling on a 12(b)(6) motion to dismiss, the Court must view the allegations in the complaint in the light most favorable to the plaintiff. *See Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008) (*citing Luney v. SGS Auto. Servs., Inc.*, 432 F.3d 866, 867 (8th Cir. 2005)). The Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). A motion to dismiss must be granted, however, if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* at 555. Although pro se complaints are to be construed liberally, "they must still allege facts sufficient to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). The court is not required to supply additional facts for a pro se plaintiff, nor construct a legal theory that assumes facts which have not been pleaded. *Id.* (quoting *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)).

## BACKGROUND

Eiler's claims stem from her visit to the Avera McKennan emergency room on April 27, 2011. In her state lawsuit, Eiler alleged:

> Erin Eiler claims medical malpractice for loss of any future earnings and loss of any workers compensation for medical problems due to errors from medical reports and/or medical care. There was failure to expunge or fix errors by AveraMcKennan medical staff whom have been written and informed of errors. There also was no remedial adjustment of medical billing error. There have been no born children from plaintiff and therefore no cesarean section performed by this means or any other means for any children to be born. There was assumption for medication usage by doctor regarding nasal spray that was not prescribed by doctor. Therefore, nasal sprays were not administered by Avera practitioner for seasonal allergies. Urine culture was contaminated and therefore doctor ordered catheter that was wrongfully cancelled by nurse. Catheter was never accomplished by hospital staff but was billed for on billing statement. Two vicodin were given that caused severe nausea and

> vomiting. Plaintiff claims $10,000 in the amount billed to insurance and any other losses with amount billed or as a legally binding document that might be used in the court of law for any kind of justification.

(Doc. 16-1.) In its October 17, 2013 order granting the defendants' motion for summary judgment, the state court found that Eiler's allegations failed to assert a cause of action under South Dakota law and that she failed to come forward with a factual issue for trial. (Doc. 16-3.) Eiler filed a notice of appeal in the South Dakota Supreme Court (doc. 16-5), and on September 2, 2014, that court issued an order summarily affirming the trial court's decision. (Doc. 16-6.)

Less than two months after the South Dakota Supreme Court's decision, on November 19, 2014, Eiler filed a pleading in this Court entitled "Notice of Removal." (*Erin Eiler v. Avera McKennan Hospital and Treating Medical Personnel*, CIV. 14-4172, Doc. 1.) The caption and the heading of the pleading were from Eiler's state court case. (*Id.*) On December 12, 2014, this Court dismissed Eiler's federal lawsuit for lack of subject matter jurisdiction because it clearly was an attempt to remove her action from state court to federal court. (CIV. 14-4172, Doc. 5.) Eiler appealed that decision to the Eighth Circuit in January of 2015 ( CIV. 14-4172, Doc. 7), and the Eighth Circuit summarily affirmed on May 29, 2015. (CIV. 14-4172, Doc. 13.)

Eiler's Complaint in the instant case was filed on December 23, 2014, eleven days after her first federal case was dismissed. (Doc. 1.) Regarding this Court's jurisdiction, Eiler stated, in part, "The Final Order of Supreme Court of South Dakota ruled impartial based on a Federal Question. Thus this case should be heard by a Federal Court." (*Id.*) She asserted two claims - - medical malpractice and libel or slander. (*Id.*) Included with Eiler's Complaint is a copy of the summary affirmance Order issued by the South Dakota Supreme Court in Eiler's state action. (*Id.*) On the Civil Cover Sheet under the "Cause of Action" section, Eiler wrote, in part, that this is a "Removal of (and/or) Appeal of South Dakota Supreme Court." (Doc. 3.)

Eiler asserted federal question jurisdiction under 28 U.S.C. § 1331, but after screening the case pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court concluded that the acts she alleges are not

4

sufficient to state a federal claim. (Doc. 9.) The Court also dismissed Eiler's state law claim for medical malpractice because she failed to allege facts in support of such a claim. (*Id.*) Assuming without deciding that diversity jurisdiction existed, the Court allowed Eiler to proceed in forma pauperis with her state law defamation claim, finding that "a statement that someone had a c-section could be defamatory if coupled with explanatory circumstances." (*Id.*) The Court directed that the Complaint be served upon Defendants. The pending motion to dismiss followed. Eiler responded to the motion and requested an extension to submit additional documents or information. (Doc. 18.) Defendants asked for an extension of time to file their reply. (Doc. 19.) The Court granted the requests and gave both parties an extension. (Doc. 20.) Eiler did not submit any additional information.

## DISCUSSION

### A. Rooker-Feldman Doctrine

Defendants first argue that the Complaint should be dismissed for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine. In *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983), the United States Supreme Court held that no court of the United States, other than the United States Supreme Court, has jurisdiction to review state court judgments. The *Rooker-Feldman* doctrine also deprives lower federal courts of subject matter jurisdiction over claims that are inextricably intertwined with claims adjudicated in state court. *Gisslen v. City of Crystal, Minn.*, 345 F.3d 624, 627 (8th Cir. 2003); *Fiedler v. Credit Acceptance Corp.*, 188 F.3d 1031, 1034 (8th Cir. 1999). For purposes of the *Rooker-Feldman* doctrine, a claim is inextricably intertwined with claims adjudicated in state court if the claim succeeds only to the extent that the state court wrongly decided the issues before it, or if the relief requested in federal court would effectively reverse the state court decision or void its ruling. *Fiedler*, 188 F.3d at 1034-1035. The *Rooker-Feldman* doctrine forecloses not only straightforward appeals challenging a state court judgment, but also more indirect attempts by federal plaintiffs to undermine state court decisions. *See Lemonds v. St. Louis County*, 222 F.3d 488, 492 (8th Cir. 2000). It is well established that if a plaintiff has raised and lost claims in state court, she may not recast those claims in a federal action and simply try again. Instead, the plaintiff should follow the appellate procedure through the state courts and seek review before the United States

Supreme Court. *Dodson v. U. of Ark. for Med. Sciences*, 601 F.3d 750, 754-55 (8th Cir. 2010) (quoting *Prince v. Ark. Bd. of Examiners in Psychol*ogy, 380 F.3d 337, 340 (8th Cir. 2004)).

In her response, Eiler does not deny that the allegations in this lawsuit are the same as those asserted in the state court action or that she is attempting to have a federal court review the state court decision. Rather, Eiler argues that the *Rooker-Feldman* doctrine does not apply to her case because Defendants procured the state court summary judgment through fraud. Some courts recognize, as an exception to the *Rooker-Feldman* doctrine, that "[a] federal court 'may entertain a collateral attack on a state court judgment which is alleged to have been procured through fraud, deception, accident, or mistake....'" *In re Sun Valley Foods Co.*, 801 F.2d 186, 189 (6th Cir. 1986) (quoting *Resolute Insurance Co. v. State of North Carolina*, 397 F.2d 586, 589 (4th Cir. 1968)). There is a split of authority regarding whether there should be an exception to the *Rooker-Feldman* doctrine for a fraud on the court. *See Anctil v. Ally Financial, Inc.*, 998 F.Supp.2d 127, 137 (S.D.N.Y. 2014) (discussing cases), *aff'd in part, rev'd in part sub nom.*, *Babb v. Capitalsource, Inc.*, 588 Fed.Appx. 66 (2d Cir. 2015). The Eighth Circuit has declined to adopt the fraud exception, indicating that it is unwilling to create piecemeal exceptions to the *Rooker-Feldman* doctrine. *Fiedler*, 188 F.3d at 1035-1036 (citing *Goetzman v. Agribank, FCB*, 91 F.3d 1173, 1178 (8th Cir. 1996)).

Even if the Eighth Circuit recognized the exception for fraud, it would not apply here. The Complaint does not mention fraud. In her response to the motion to dismiss, Eiler makes a conclusory statement that Defendants misrepresented facts to the state court, but she does not point to any specific misrepresentations that were made to the state court, or set forth any facts that would support a claim that Defendants' procured summary judgment through fraud on the state court. The only misrepresentations Eiler mentions are those allegedly made by Defendants in her medical records, as well as Defendants' alleged promise to correct her medical records and then failing to do so. Furthermore, the state court's order reveals that its summary judgment decision was based on the insufficiency of Eiler's facts and allegations, not on any representations made by Defendants.

Eiler is clearly attempting to attack the validity of the state court proceedings and judgment, and in order to provide Eiler with relief this Court would be required to invalidate the state courts' rulings. Under the *Rooker–Feldman* doctrine, this Court lacks subject matter jurisdiction to review the state court's summary judgment ruling.

## B. Diversity Jurisdiction

As stated earlier, Eiler has asserted no federal causes of action and thus the only basis for subject matter jurisdiction is under 28 U.S.C. § 1332 for diversity of citizenship. For purposes of 28 U.S.C. § 1332, "diversity of citizenship" means that "the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan v. Schneider Natl. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). In addition, the amount in controversy must be greater than $75,000.00 for diversity of citizenship jurisdiction. *Id.*; 28 U.S.C. § 1332(a).

Defendants contend that the Court lacks subject matter jurisdiction because the amount in controversy is less than $75,000. Where a complaint "alleges a sufficient amount in controversy to establish diversity jurisdiction, but the opposing party or the court questions whether the amount alleged is legitimate, the party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence." *Trimble v. Asarco, Inc.*, 232 F.3d 946, 959–60 (8th Cir. 2000) (quotation omitted), *abrogated on other grounds by Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005). The complaint should be dismissed "if it appears to a legal certainty that the value of the claim is actually less than the required amount." *Id.* at 960 (internal quotation omitted); *see also OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 349 (8th Cir. 2007) ("[T]he existence of the required amount in controversy ... must ... be supported by competent proof.").

In her Complaint, Eiler alleges she has suffered damages in the amount of $12,000, an amount far below the $75,000 required for diversity jurisdiction. Thus, based on Eiler's own allegations, the Court cannot find that her claim meets the amount in controversy section 1332 requires. After Defendants challenged jurisdiction, Eiler presented nothing to show she could meet the jurisdictional amount. There is no basis for this Court to conclude that the damages Eiler

suffered, if any, are greater than $75,000. Simply put, Eiler has not proven by a preponderance of the evidence that her claims meet the amount in controversy requirement. Thus, the Court lacks subject matter jurisdiction.

Even though the motion to dismiss should be granted for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), the Court will address whether the preclusive effect of the state court proceedings also requires dismissal under Rule 12(b)(6).

## C. Preclusion

Defendants also argue that dismissal of the complaint is required on issue and claim preclusion grounds. The full faith and credit statute, 28 U.S.C. § 1738, provides that state judicial proceedings "shall have the same full faith and credit in every court within the United States ... as they have by law or usage in the courts of such State ... from which they are taken." Section 1738 thus requires a federal court in later litigation to give the same preclusive effect to a prior state court judgment that the judgment would receive under state law. *Ruple v. City of Vermillion, S.D.*, 714 F.2d 860, 861-62 (8th Cir. 1983).

### 1. Issue Preclusion

Under South Dakota law, issue preclusion will apply only if "(1) The issue decided in the prior adjudication was identical with the one presented in the action in question; (2) There was a final judgment on the merits; (3) The party against whom the plea is asserted was a party or in privity with a party to the prior adjudication; and (4) The party against whom the plea is asserted had a full and fair opportunity to litigate the issue in the prior adjudication." *Grand State Property, Inc. v. Woods, Fuller, Shultz & Smith, P.C.*, 556 N.W.2d 84, 87 (S.D. 1996) (quoting *Black Hills Novelty Co., Inc. v. South Dakota Commission on Gaming*, 520 N.W.2d 70, 73 (S.D. 1994) (other internal citations omitted)).

The issue here is whether Defendants injured Eiler by failing to correct her medical records in violation of law. That issue was actually decided in the state court action – the state court found

that no state law was violated by Defendants. There was a final judgment on the merits, Eiler was the party in the state court litigation, and she had a full and fair opportunity to litigate the issue in state court. Eiler's claims in this case must be dismissed because they are barred by issue preclusion.

### 2. Claim Preclusion

Claim preclusion rests not on whether a claim was actually decided, but on whether a final decision on the merits "forecloses litigation of matters never litigated, but that should have been asserted in a prior action." *Christians v. Christians*, 637 N.W.2d 377, 387 (S.D. 2001) (Konenkamp, J., concurring). Here, the claim raised by Eiler – that Defendants injured her by failing to correct her medical records – was raised or clearly could have been raised in the state court action. That Eiler asserts a defamation claim in this lawsuit is of no moment. *See Ruple*, 714 F.2d at 861-62 (affirming dismissal under South Dakota preclusion principles of a claim that arises out of the "same nucleus of operative fact, or is based upon the same factual predicate"). Eiler relies on the same allegations to support her claims in both cases, and the facts essential to this federal lawsuit were present in the state case. Eiler does not dispute that the state court proceeding reached a decision on the merits of her claims, and privity exists because the parties are the same in both lawsuits. For these reasons, the Court finds that all of the requirements for claim preclusion are met, and that the Complaint should be dismissed on that ground. Accordingly,

IT IS ORDERED:

(1) That the Motion to Dismiss filed by the defendants, Avera McKennan Hospital and Treating Medical Personnel, doc. 14, is granted, and Plaintiff's Complaint will be dismissed with prejudice.

(2) That the Motion for Rule 16 Scheduling Order, doc. 22, the Motion to Stay, doc. 23, and the Motion to Extend, doc. 25, are denied.

Dated this 21st day of March, 2016.

                                                  BY THE COURT:

                                                  Lawrence L. Piersol
                                                  United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
    (SEAL)    DEPUTY